Filed 9/8/25  P. v. McCowen CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E084949 |
| v. | (Super.Ct.No. FVA010377) |
| MARCIL McCOWEN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Elia V. Pirozzi, Judge.  Affirmed.

Marcil McCowen, in pro. per.; and Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Marcil McCowen appeals the denial of his Penal Code section 1172.6[1] petition to vacate his conviction for murder. After his counsel filed a no-issue brief requesting we independently review the record following the procedures set out in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), McCowen filed his own supplemental brief. We affirm.

BACKGROUND

In 1998 McCowen was at an acquaintance's apartment when the victim arrived to drop off a birthday present. McCowen got into an altercation with the victim, and then shot and killed him. McCowen later claimed he did so in self-defense after the victim tried to rush him.

McCowen was charged with murder (§ 187, subd. (a)). The complaint also alleged McCowen personally and intentionally discharged a firearm causing injury. (§§ 1203.06, subd. (a)(1); 12022.53, subds. (b)-(d); 12022.5, subd (a)(1).) At trial, his jury was instructed on theories of premeditated murder, second-degree murder, and second-degree felony murder. The second-degree felony murder instruction was based on a theory that the murder occurred during the crime of assault with a firearm, which is not one of the Penal Code section 189 felonies that could support a first-degree murder conviction, but which, at the time of McCowen's conviction, could have supported a second-degree felony murder conviction (see generally *People v. Chun* (2009) 45 Cal.4th

_____

[1] Unlabeled statutory citations refer to the Penal Code.

2

1172).  The jury found McCowen guilty of first-degree murder, and found true the allegation that he personally discharged a firearm causing death.

In 2023 McCowen filed a petition under section 1172.6, alleging he was convicted under a now invalid theory of murder and requesting resentencing.  The court found his petition stated a prima facie case and held an evidentiary hearing.  The court heard evidence and argument from both parties in September 2024, took the matter under submission, then denied the petition in a written ruling.  In this written order, the trial court said it reviewed the transcripts from McCowen's trial and concluded "the facts are uncontroverted that Petitioner personally killed the victim."  In addition to this factual finding, the court also noted that "[a]lthough the jury was instructed on felony murder, the record of conviction irrefutably establishes as a matter of law that the jury determined Petitioner was the actual killer."  Accordingly, the trial court denied McCowen's petition, and he appealed.

## ANALYSIS

On McCowen's request, we appointed counsel to represent him on appeal. Counsel filed a brief declaring they found no arguably meritorious issues to appeal, setting out a statement of the case, and asking us to conduct an independent review of the record.

When appealing from a postconviction order a defendant does not have a constitutional right to independent review under *Anders/Wende* if appellate counsel cannot identify any arguable issues.  (*People v. Delgadillo* (2022) 14 Cal.5th 216, 231.)

3

However, "[i]f the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Id.* at p. 232.) Here, after appellate counsel filed a brief notifying us McCowen's appeal presented no arguable issues, we offered McCowen an opportunity to file a personal supplemental brief, and he did so. We therefore treat that supplemental brief as an opening brief and address it on the merits.

In 2018, the Legislature passed Senate Bill No. 1437 (2017-2018, Reg. Sess.) (Stats. 2018 ch. 1015), effective January 1, 2019, which among other things amended the definition of felony murder in section 189. This amended felony-murder rule restricted culpability for murder to actual killers, aiders and abettors, and anyone who was "a major participant in the underlying felony and acted with reckless indifference to human life" unless the victim was a peace officer. (§ 189, subd. (e)(1)-(3), (f).) Senate Bill No.1437 also added section 1170.95, later renumbered to section 1172.6, which allows "[a] person convicted of felony murder or murder under the natural and probable consequences doctrine," to "file a petition with the court that sentenced the petitioner to have the petitioner's murder . . . conviction vacated and to be resentenced on any remaining counts," if, among other things, "[t]he petitioner could not presently be convicted of murder" (§ 1172.6, subd. (a)), because of the changes to the law wrought by Senate Bill No. 1437. (§ 1172.6, subd. (a)(3).) If the petition makes a prima facie case for relief the court must hold an evidentiary hearing. At this hearing, the People have the burden to prove beyond a reasonable doubt that the petitioner could still be convicted of murder

4

under the law as it exists now, with the trial judge sitting as factfinder.  (§ 1172.6, subds. (b), (d)(3).)

We review the trial court's decision as factfinder for substantial evidence.  (*People v. Williams* (2020) 57 Cal.App.5th 652, 663.)  "The scope of our review for substantial evidence is well settled.  The test is not whether the People met their burden of proving beyond a reasonable doubt that [the petitioner] was ineligible for resentencing, but rather 'whether *any* rational trier of fact could have' made the same determination, namely that '[t]he record . . . disclose[s] . . . evidence that is reasonable, credible, and of solid value— such that a reasonable trier of fact could find [as did the superior court].' " (*Id.* at p. 663.)

Substantial evidence supports the trial court's determination that McCowen was the actual killer and is therefore ineligible for relief.  McCowen testified in his own defense and admitted to personally shooting the victim.  Eyewitnesses also testified that McCowen shot the victim, and that he was the only one who had a gun.  This is more than sufficient evidence for a factfinder to conclude beyond a reasonable doubt that McCowen was the actual killer, and therefore could still be convicted of first-degree murder under current California law.  In fact, the only first-degree murder theory presented to his jury was premeditated murder.

Nevertheless, McCowen raises four arguments, two of which contest the trial court's factual finding that he is ineligible for relief, and two of which contest alleged errors in his underlying trial.  First, he argues the prosecution could not have met the beyond a reasonable doubt standard, because it did not present any new evidence for the

5

court to consider. Second, he argues the trial court did not affirmatively address whether he could be convicted under a still valid theory of murder. Third, he argues there were errors in his original trial, because a felony murder instruction should not have been given. Finally, he argues there was improperly admitted evidence in his underlying trial.

Each of these arguments is unavailing. First, the prosecution need not offer new evidence to prove a fact beyond a reasonable doubt, particularly where the fact they need to prove, that McCowen was the actual killer, was demonstrated (even admitted in his testimony) at the trial. The record of McCowen's trial was sufficient evidence to meet their burden. Second, the trial court affirmatively addressed whether McCowen could still be convicted of murder, and concluded he could because even at the time of his conviction he was convicted on a still-valid theory. Finally, a petition for relief under 1172.6 is not a proper vehicle to challenge errors in McCowen's trial or conviction. "Section 1172.6 does not create a right to a second appeal, and [McCowen] cannot use it to resurrect a claim that should have been raised in his . . . direct appeal." (*People v. Burns* (2023) 95 Cal.App.5th 862, 865.)

Accordingly, we affirm the trial court's decision denying McCowen's petition for resentencing.

DISPOSITION

We affirm.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL _____
J.

We concur:

CODRINGTON _____
Acting P. J.

MENETREZ _____
J.